**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2559
_____

PAUL E. WEBER,
                                        Appellant

v.

AMY ARNOTT QUINLAN, Delaware State Court Administrator;
JOHN CARNEY, Governor; MATT DENN, Attorney General;
ANDREW J. VELLA, Deputy Attorney General; JAN R. JURDEN, President Judge,
Delaware Superior Court; HENLEY T. GRAVES, Sussex County Superior Court Judge;
WILLIAM C. CARPENTER, JR., New Castle County Superior Court Judge;
MARGARET ROSE-HENRY, Delaware Senate Majority Leader;
PETER SWARTZKOPF, Delaware House Speaker; JOHN DOE; JANE DOE;
MICHAEL LITTLE; TIMOTHY T. MARTIN

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-00637)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2019

Before: GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 8, 2019)

_____

OPINION<sup>*</sup>

_____

PER CURIAM

Delaware state prisoner Paul Weber appeals pro se from the District Court's orders dismissing his civil rights complaint and denying his related motion for reconsideration. For the reasons that follow, we will affirm those orders.

I.

In 2001, the Delaware Superior Court sentenced Weber to 30 days in prison following his conviction for second-degree forgery. He appealed from that conviction, but the Delaware Supreme Court ("the DSC") dismissed the appeal for lack of jurisdiction, explaining that, pursuant to Article IV, Section 11(1)(b) of the Delaware Constitution, a criminal defendant may appeal to the DSC only if his prison sentence exceeds one month and/or he was fined in an amount exceeding $100. See Weber v. State, No. 592, 2001, 2002 WL 31235418, at *1 (Del. Oct. 4, 2002) (per curiam). A few years later, the Superior Court convicted Weber of attempted first-degree robbery in another case. There, Weber's forgery conviction was deemed to be one of the predicate offenses that qualified him as a habitual offender under 11 Del. Code Ann. § 4214(a). As a result of that habitual-offender designation, Weber was sentenced to 25 years in prison for the attempted robbery conviction. On appeal from that judgment, Weber claimed that

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

his forgery conviction should not have counted as a predicate offense because he had no right to appeal from that conviction. The DSC, sitting en banc, rejected that argument, noting that Weber had other means of challenging his forgery conviction. See Weber v. State, 971 A.2d 135, 159-60 (Del. 2009) (en banc). Specifically, the DSC stated that Weber could have petitioned for post-conviction relief under Superior Court Criminal Rule 35 or petitioned the DSC for a writ of certiorari. See id.

Years later, in April 2018, Weber filed the civil action that is now before us. His pro se complaint, brought pursuant to 42 U.S.C. § 1983, named the following defendants: the Governor of Delaware, Delaware's Attorney General and Deputy Attorney General, Delaware's Senate Majority Leader and Speaker of the House, Delaware's State Court Administrator, three Delaware state-court judges,[1] and John/Jane Doe defendants.[2] Weber alleged that, despite "submitt[ing] a blitzkrieg of motions, petitions, applications, requests, inquiries, complaints and appeals since 2002 in his Herculean quest to challenge his forgery conviction," (Compl. 9 n.2), his challenge to that conviction had not been heard in Delaware state court. He claimed that the defendants had violated his rights

---

[1] It appears that Weber was not suing these judges for any judicial decisions that they had made; rather, he was suing them for alleged acts or omissions relating to their work on certain committees (e.g., "the Criminal Justice Improvement Committee"). (See Compl. 2-3.)

[2] Weber later attempted to add two more defendants — prison officials Michael Little and Timothy Martin. The District Court determined that the claims against these additional defendants did not share common questions of law and fact with the claims against the original defendants. As a result, the District Court directed the District Court Clerk to treat the claims against the additional defendants as a separate civil action. Weber does not challenge that treatment in this appeal, and that separate action, which was assigned District Court docket number 1:18-cv-00867, is not before us here.

under the United States Constitution and the Delaware Constitution by failing to (1) "[p]rovide [him] with a meaningful remedy to challenge his forgery conviction," (2) "[r]espond to [his] requests and demands to implement or otherwise provide a meaningful remedy to challenge his forgery conviction," and (3) "[a]cknowledge [his] plight and/or the fact he had no meaningful remedy to challenge his forgery conviction." (Id. at 7.)  In light of these alleged violations, Weber sought, inter alia, damages and an injunction ordering the defendants to immediately provide him with a mechanism for challenging his forgery conviction.

On June 12, 2018, the District Court entered an order dismissing Weber's complaint, without leave to amend, pursuant to 28 U.S.C. § 1915A(b)(1).[3]  In support of that dismissal, the District Court concluded that Weber's claims were untimely and barred by Heck v. Humphrey, 512 U.S. 477 (1994).[4]  Weber timely moved for reconsideration of that decision, but the District Court denied that motion on July 11, 2018.  This timely appeal followed.

---

[3] Under § 1915A, a district court may dismiss "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity" if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(a), (b)(1).

[4] In Heck, "the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence."  Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of Weber's complaint is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review the District Court's denial of Weber's motion to reconsider for abuse of discretion, exercising de novo review over that court's legal conclusions and reviewing its factual findings for clear error. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). We may affirm the District Court's decisions on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The parties' briefing argues at length about whether Weber's complaint is time-barred. But we need not decide that issue (or rule on whether the District Court correctly relied on Heck) to decide this appeal.[5] As explained below, even if Weber's complaint is timely and not barred by Heck, it was still subject to dismissal under § 1915A(b)(1).

Weber's complaint revolves around his contention that he has not had *any* means of challenging his forgery conviction in state court. Although the DSC, sitting en banc, concluded in 2009 that Weber had two such vehicles at his disposal for bringing that challenge (a petition under Superior Court Criminal Rule 35 and a petition to the DSC for a writ of certiorari), Weber maintains that these were "faux remedies." (Weber's Opening Br. 11 (emphasis omitted).) He claims that, after receiving the DSC's decision

---

[5] Because we do not reach the timeliness question, we deny Weber's motion received on September 23, 2019, which effectively asks us to consider whether his complaint was timely filed in light of the Supreme Court's recent decision in McDonough v. Smith, 139 S. Ct. 2149 (2019).

in 2009, he attempted to invoke those two (and other) state-court vehicles to challenge his forgery conviction, but the state courts ultimately refused to allow him to assert that challenge.

It is not our place to decide whether Weber truly had a viable means of challenging his forgery conviction in state court. See Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 592-93 (3d Cir. 1998) ("It is axiomatic that the highest court of a state is the final arbiter of that state's law."). To the extent that the Superior Court concluded, in one or more post-2009 rulings, that Weber could *not* challenge his forgery conviction under Rule 35 or via a petition to the DSC for a writ of certiorari, Weber's recourse was to appeal those rulings to the DSC. Weber has not pointed us to any DSC decision that resolved such an appeal.[6] But even if (1) there were such a decision from the DSC, and (2) that decision contradicted the DSC's 2009 decision by holding that Weber could never have used either of those two vehicles (or any other vehicle) to challenge his forgery conviction, there still would be no basis for relief here. Weber has not cited, and we have not located, any authority supporting the proposition that a defendant who has no means of challenging his conviction in state court may assert a claim for relief under the United States Constitution in a § 1983 action against one or more individuals.[7]

---

[6] In a May 2018 decision denying Weber's petition for a writ of mandamus, the DSC indicated that he had not filed an appeal from the Superior Court's April 2016 order rejecting his attempt to invoke Rule 35. See In re Weber, No. 169, 2018, 2018 WL 2446803, at *1 (Del. May 30, 2018).

[7] The absence of such authority is not surprising. See, e.g., Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) ("[A] defendant's § 1983 liability must be

6

In short, we see no reason to disturb the District Court's decision dismissing, without leave to amend, Weber's claims alleging violations of the United States Constitution. And since those claims were subject to dismissal, his claims for relief under the Delaware Constitution were subject to dismissal, too. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("This Court has recognized that, where the claim[s] over which the district court has original jurisdiction [are] dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (internal quotation marks omitted). Lastly, we find no error in the District Court's denial of Weber's motion to reconsider. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a litigant seeking reconsideration must show that (1) there has been "an intervening change in controlling law," (2) new evidence is available, and/or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice").

---

predicated on his direct and personal involvement in the alleged violation . . . ."); see also Abney v. United States, 431 U.S. 651, 656 (1977) ("[I]t is well settled that there is no constitutional right to an appeal."); Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (noting that "States have no obligation to provide [post-conviction] relief").

7

In light of the above, we will affirm the District Court's June 12, 2018 and July 11, 2018 orders.[8]  Weber's "Motion for Sanctions," which asks us to strike the defendants'/appellees' brief, is denied.

---

[8] Weber, purporting to rely on Federal Rule of Appellate Procedure 10(e)(2), moves to expand the record to include the DSC's July 2019 decision affirming the Superior Court's denial of his "Motion for Relief of Judgment." See Weber v. State, No. 486, 2018, 2019 WL 3268813, at *2-3 (Del. July 19, 2019).  We hereby deny these motions as presented, for Rule 10(e)(2) is inapplicable here.  See In re Application of Adan, 437 F.3d 381, 388 n.3 (3d Cir. 2006) ("Rule 10(e)(2) allows amendment of the record on appeal only to correct inadvertent omissions, not to introduce new evidence.").  That said, we have the authority "to take judicial notice of new developments not considered by the lower court."  In re Am. Biomaterials Corp., 954 F.2d 919, 922 (3d Cir. 1992) (quoting United States v. Lowell, 649 F.2d 950, 966 n.26 (3d Cir. 1981)).  But even if we were to exercise that authority here, the outcome of this appeal would be the same, as nothing in this new DSC decision undercuts our analysis.